**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-1942-DDD-NRN

RYAN WALTERS,

Plaintiff,

v.

UNIVERSITY OF COLORADO DENVER through the
Board of Regents;

Defendant.

---

**PROTECTIVE ORDER**

---

1. This matter comes before the Court on the parties' Stipulated Motion for Protective Order. Upon a showing of good cause in support of the entry of this Protective Order, the Court grants the Stipulated Motion for Protective Order pursuant to Fed. R. Civ. P. 26(c) to protect the discovery and dissemination of confidential information or information which may improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

2. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure, which are designated "CONFIDENTIAL" pursuant to this Protective Order.

3. As used in this Protective Order, the term "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

4. Information designated "CONFIDENTIAL" shall be information that is confidential and entitled to protection under Fed. R. Civ. P. 26(c)(1), including information that contains:

a) personnel information concerning current and former employees of University of Colorado ("University") to the extent that such information implicates privacy interests and is not generally known to the public;

b) student names and other identifying information belonging to students of the University; and

c) information relating to Plaintiff concerning personal and confidential matters not generally known to the public, such as, but not limited to, medical information, and his student records.

5. Documents designated as "CONFIDENTIAL" shall be first reviewed by a lawyer who will determine that the designation is based on a good faith belief that the information is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c)(1). Parties and attorneys designating documents as "Confidential" will be representing that such documents contain information the disclosure of which would implicate an important interest to be protected which outweighs the presumption of public access, and that they will be able to identify to the Court a clearly defined harm or injury that would result if access is not restricted, as required by D.C.COLO.LCivR 7.2. The parties acknowledge that any designation of information as

CONFIDENTIAL must meet the requirements of Fed. R. Civ. P. 26(g). By stipulating to the form of this Protective Order, no party waives his/her right to object to the production or disclosure of particular CONFIDENTIAL information or concedes that another party has shown a compelling need for discovery of particular CONFIDENTIAL information.

6. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall be used solely for the purpose of this action, and shall not, without the consent of the party producing it or further Order of the Court, be used, transferred, disclosed or communicated in any way, except that such information may be disclosed to:

(a) attorneys actively working on this civil action;

(b) persons regularly employed or associated with the attorneys actively working on this civil action whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this civil action;

(c) the parties, including designated representatives for University whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this civil action;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this civil action;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this civil action;

(g) deponents, witnesses, or potential witnesses;

(h) copy services; and

(i) other persons by written agreement of the parties.

7. Documents are designated as CONFIDENTIAL by stamping each and every page to be designated CONFIDENTIAL with the applicable legend "CONFIDENTIAL."

8. No copies of information designated as CONFIDENTIAL received from the opposing party shall be made except by or on behalf of counsel in this litigation. Such copies shall be made and used solely for purposes of litigation.

9. In the event Electronically Stored Information ("ESI") is disclosed or discovered in the course of this litigation, including, but not limited to, ESI provided in a native format on hard disks or other magnetic data storage disks, removable disks and/or drives, portions thereof, or digital images of data storage disks or drives, such information may be designated as CONFIDENTIAL in a written communication or in an electronic mail message to the non-producing party.

10. Any party who inadvertently fails to identify documents or information as CONFIDENTIAL shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents. Any party receiving such improperly-designated documents shall promptly retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents.

11. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the portions thereof that involve the disclosure of CONFIDENTIAL information shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order.

Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within fourteen (14) days after notice by the court reporter of the completion of the transcript. Transcript pages containing CONFIDENTIAL information must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," as instructed by the party or non-party offering or sponsoring the witness or presenting the testimony.

12. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to initiate the Magistrate Judge's procedures for discovery disputes, including, if permitted, the filing of appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such discovery dispute procedures are timely initiated, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on a permitted motion or the dispute is otherwise resolved by agreement of the parties. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear

the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

13. Any request to restrict access must comply with the requirements of D.C.COLO.LCivR 7.2.

14. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents; provided, however, that counsel for each Party may retain one copy of the CONFIDENTIAL documents for the sole purpose of maintaining a complete file, and all such retained documents will not be released, disclosed, or utilized except upon express permission of this Court after written notice to counsel for the Party that produced the documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction upon request from the producing party.

15. If any person in possession, custody, or control of CONFIDENTIAL information is served with a subpoena, demand, or any other legal process seeking CONFIDENTIAL information by someone not a party to this action, the receiving person shall give prompt notice, by hand or email transmission, within forty-eight (48) hours of its receipt of such subpoena, demand, or legal process, to the designating party. The designating party shall be solely responsible for seeking any relief or protection from any subpoena, demand, or legal process seeking CONFIDENTIAL information and shall also be solely responsible for its costs and attorney's fees in any proceedings relating to such subpoena, demand, or legal process.

16. Nothing in this Protective Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that the party or other person believes to be improper. Nothing in this Protective Order shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of confidential documents or information sought, or from filing a motion with respect to the manner in which CONFIDENTIAL information shall be treated at trial.

17. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

ORDERED this 23rd day of October, 2020.

BY THE COURT:

N. Reid Neureiter
United States Magistrate Judge