**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-1942-DDD-NRN

RYAN WALTERS,

Plaintiff,

v.

UNIVERSITY OF COLORADO Denver,
through the Board of Regents;

Defendant.

---

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD AND FOURTH CLAIMS FOR RELIEF**

---

Defendant the University of Colorado Denver, through its Board, the Regents of the University of Colorado (the "University"), under F.R.C.P. 12(b)(1), moves to dismiss Plaintiff's Third and Fourth Claims in the First Amended Complaint (ECF 5) for lack of jurisdiction under the Eleventh Amendment.

## BACKGROUND

Plaintiff has been a student at CU on and off since 1994, taking undergraduate- and graduate-level classes, before starting his PhD program in 2009. (Compl., ECF 5, ¶¶ 6-10.) In the Fall semester of 2015, he was placed on academic probation due to his GPA falling below the program's minimum 3.0 requirement and his failure to make satisfactory academic progress toward completing his PhD. (Compl., ECF 5, ¶¶ 20, 21, 23-25.) In 2018, Plaintiff sought a retroactive withdrawal from some of his classes and contacted the campus disability services for

assistance. (Compl., ECF 5, ¶¶ 26, 29.) The retroactive withdrawal was approved, but Plaintiff could not be reinstated in the PhD program due to his failure to comply with a number of program requirements. (Compl., ECF 5, ¶¶ 31-33.)

Plaintiff has asserted claims under Title II of the ADA and Section 504 of the Rehabilitation Act, as well as state law claims of breach of contract and breach of good faith and fair dealing. The University moves to dismiss the state law claims because the Court has no jurisdiction to hear those claims under the Eleventh Amendment.

**COMPLIANCE WITH DDD Civ. P.S. III(D)(1)**

The University certifies that the deficiency raised in this Motion is not correctible by amendment. The University further certifies that its undersigned counsel has conferred with counsel for Plaintiff regarding the defense raised in this Motion, and Plaintiff has chosen to proceed with the claims at issue.

**ARGUMENT**

**I. <u>Legal standard</u>**

Defendant's assertion of immunity under the Eleventh Amendment raises a question of the court's subject matter jurisdiction to be reviewed under F.R.C.P. 12(b)(1). *Elephant Butte Irr. Dist. of New Mexico v. Dep't of Interior*, 160 F.3d 602, 607 (10th Cir. 1998); *LaFavre v. Kansas ex rel. Stovall*, 6 F. App'x 799, 802 (10th Cir. 2001) ("[O]nce effectively asserted [Eleventh Amendment] immunity constitutes a bar to the exercise of federal subject matter jurisdiction."). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Salzer v. SSM Health Care of Oklahoma Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014).

## II. <u>Plaintiff's contractual claims are barred by the Eleventh Amendment</u>

Under the Eleventh Amendment, sovereign immunity generally protects states and their agencies from suit in federal court. *Levy v. Kansas Dep't of Soc. & Rehab. Servs.*, 789 F.3d 1164, 1168 (10th Cir. 2015). Absent its consent, the University, as an arm of the state of Colorado, is entitled to Eleventh Amendment immunity from suit in federal court. *See Rozek v. Topolnicki*, 865 F.2d 1154, 1158 (10th Cir. 1989). A waiver of Eleventh Amendment immunity must be express and unequivocal. *V-1 Oil Co. v. Utah Dept. of Pub. Safety*, 131 F.3d 1415, 1421 (10th Cir. 2002).

Colorado has not waived its Eleventh Amendment immunity against being sued for breach of contract in federal court. *See* C.R.S. § 24-10-101 *et seq.*; *Mascheroni v. Bd. of Regents of the Univ. of Cal.*, 28 F.3d 1554, 1556 (10th Cir. 1994), *abrogated on other grounds*, ("Eleventh Amendment shields the Board of Regents from suit in federal court for alleged state law violations."); *Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988) (the CGIA did not "waive[] . . . the state's constitutional immunity to suit in federal court"); *Norris v. University of Colorado*, 362 F. Supp. 3d 1001, 1021 (D. Colo. 2019) (breach of contract claim against university in federal court precluded by Eleventh Amendment).

Nor has the University consented to being sued in federal court for state law claims. Accordingly, the Court must dismiss Plaintiff's breach of contract and breach of covenant of good faith and fair dealing claims for lack of jurisdiction.

**CONCLUSION**

Defendant Board of Regents of the University of Colorado respectfully requests that the Court dismiss Plaintiff's third and fourth claims for relief as barred under the Eleventh

Amendment and grant such other relief as the Court deems proper.

Respectfully submitted this 3rd day of November, 2020.

*s/ Hermine Kallman*
Hermine Kallman
Senior Assistant University Counsel
University of Colorado
Office of University Counsel
1800 Grant Street, Suite 700 Denver, CO 80203
303-860-5713
Hermine.Kallman@cu.edu
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2020, I electronically filed the foregoing with the Court's electronic filing system (CM/ECF) which will automatically cause notification to be sent to the following counsel of record:

Igor Raykin
Kishinevsky & Raykin, Attorneys at Law
2851 South Parker Road, Suite 150
Aurora, CO 80014
igor@coloradolawteam.com
*Attorney for Plaintiff*

*s/ Linda Ruth Carter*
Linda Ruth Carter, Paralegal