**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-1942-DDD-NRN

RYAN WALTERS,

Plaintiff,

v.

UNIVERSITY OF COLORADO Denver,
through the Board of Regents,

Defendant.

---

**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

---

Defendant, The University of Colorado Denver, through its Board, the Regents of the University of Colorado (the "University") submits this Answer to Plaintiff's First Amended Complaint and Jury Demand (ECF 5) as follows:

**Jurisdiction and Venue**

1. The University admits this Court has jurisdiction over the claims arising under federal law.

2. The University denies this Court has jurisdiction over the state law claims in this action.

3. The University lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 3 and so denies them.

4. The University admits the allegations in paragraph 4.

5. The University admits venue is proper. The University denies it has committed any wrongful acts.

**The Parties**

6. The University admits Plaintiff has been a student at the University at various times since 1994.

7. The University lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 7 and so denies them.

8. The University admits Plaintiff enrolled at the University of Colorado Denver Health Sciences Campus (now the Anschutz medical Campus) in the Summer 2006 semester as a non-degree graduate student.

9. The University admits that some semesters Plaintiff had a grade point average in excess of 3.5 and also notes that some semesters Plaintiff had a grade point average below 3.5.

10. The University admits Plaintiff was enrolled in the School of Public Health in the Spring and Fall semesters of 2009.

11. The University lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 11 and so denies them.

12. The University admits Plaintiff received an “F” in the Spring 2011 semester and in the Spring 2012 semester. The University lacks knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 12 and so denies them.

13. The University admits Plaintiff’s grades in the Fall 2012 semester and the Spring and Fall 2013 semesters ranged from A- to B-. The University lacks knowledge or

information sufficient to form a belief concerning the remaining allegations in paragraph 13 and so denies them.

14. The University lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 14 and so denies them.

15. The University lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 15 and so denies them.

16. The University lacks knowledge or information sufficient to form a belief concerning the allegations in first sentence of paragraph 16 and so denies them. The remaining allegations in paragraph 16 are legal conclusions to which no response is required.

17. The University lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 17 and so denies them.

18. The University lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 18 and so denies them.

19. The University lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 19 and so denies them.

20. The University admits that in the Fall 2015 semester Plaintiff was placed on academic probation because his GPA fell below the 3.0 minimum requirement. The University lacks knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 20 and so denies them.

21. The University admits in September 2016, Jessica Halliday, the Assistant Dean of the Graduate School, sent a letter to Plaintiff regarding his academic standing. The

University further states that Ms. Halliday's letter speaks for itself and denies any allegations in paragraph 21 inconsistent therewith.

22. The University lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 22 and so denies them.

23. The University states that Ms. Halliday's letter speaks for itself and denies any allegations in paragraph 23 inconsistent therewith.

24. The University states that Ms. Halliday's letter speaks for itself and denies any allegations in paragraph 24 inconsistent therewith.

25. The University admits the allegations in paragraph 25.

26. The University admits that Plaintiff submitted a Request for Medical Withdrawal to the University of Colorado Denver's Office of Case Management on or about July 19, 2018 and submitted a number of supporting attachments to the request. The University further states that the documents submitted by Plaintiff speak for themselves and denies any allegations in paragraph 26 inconsistent therewith.

27. University states that the documents submitted by Plaintiff speak for themselves and denies any allegations in paragraph 27 inconsistent therewith.

28. The University denies the allegations in paragraph 28.

29. The University admits that Plaintiff petitioned for retroactive withdrawal for Fall 2014 through Fall 2016 semesters. The University states that the remaining allegations in paragraph 29 are legal conclusions to which no response is required. To the extent a response is required, the University denies them.

30. The University admits the allegations in paragraph 30.

31. The University admits that the Office of Case Management processed and approved Plaintiff's request for medical withdrawal on or about September 10, 2018.

32. The University admits that after the retroactive withdrawals Plaintiff's cumulative graduate GPA rose above 3.0. The University denies the remaining allegations in paragraph 32.

33. The University admits that Plaintiff did not meet the requirements of the program and has been unable to register for classes in his program. The University denies the remaining allegations in paragraph 33.

34. University lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 34 and so denies them.

35. The University denies the allegations in paragraph 35.

**First Claim for Relief**
**(Section 504 of the Rehabilitation Act)**

36. The University incorporates by reference its responses to paragraphs 1-35.

37. The allegations in paragraph 37 contain legal conclusions to which no response is required. To the extent a response is required, the University admits the allegations in Paragraph 37.

38. The University admits the allegations in paragraph 38.

39. The allegations in paragraph 39 contain legal conclusions to which no response is required. To the extent a response is required, the University states Section 504 speaks for itself and denies any allegations in paragraph 39 inconsistent therewith.

40. The allegations in paragraph 40 contain legal conclusions to which no response is required. To the extent a response is required, the University states 34 C.F.R. § 104.43 speaks for itself and denies any allegations in paragraph 40 inconsistent therewith.

41. The allegations in paragraph 41 contain legal conclusions to which no response is required. To the extent a response is required, the University states 34 C.F.R. § 104.44(a) speaks for itself and denies any allegations in paragraph 41 inconsistent therewith.

42. The allegations in paragraph 42 contain legal conclusions to which no response is required. To the extent a response is required, the University states the cited cases speak for themselves and denies any allegations in paragraph 41 inconsistent therewith.

43. The University admits that Plaintiff was qualified to attend the University when he was admitted to the University's Ph.D. program in Health & Behavioral Sciences at the University of Colorado Denver. The University denies Plaintiff continues to be qualified to attend the University's Ph.D. program in Health & Behavioral Sciences at the University of Colorado Denver. The University denies any allegations in paragraph 43 not specifically admitted herein.

44. University lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 44 and so denies them.

45. The University denies the allegations in paragraph 45.

46. The University denies the allegations in paragraph 46.

47. The University denies the allegations in paragraph 47.

48. The University denies the allegations in paragraph 48.

**Second Claim for Relief**
**(Title II of the Americans with Disabilities Act)**

49. The University incorporates by reference its responses to paragraphs 1-48

50. The allegations in paragraph 50 contain legal conclusions to which no response is required. To the extent a response is required, the University admits the allegations in Paragraph 50.

51. The allegations in paragraph 51 contain legal conclusions to which no response is required. To the extent a response is required, the University states that Title II of the ADA speaks for itself and denies any allegations in paragraph 51 inconsistent therewith.

52. University lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 52 and so denies them.

53. The University admits that Plaintiff was qualified to attend the University when he was admitted to the University's Ph.D. program in Health & Behavioral Sciences at the University of Colorado Denver. The University denies Plaintiff continues to be qualified to attend the University's Ph.D. program in Health & Behavioral Sciences at the University of Colorado Denver. The University denies any allegations in paragraph 53 not specifically admitted herein.

54. The University denies the allegations in paragraph 54.

55. The University denies the allegations in paragraph 55.

56. The University denies the allegations in paragraph 56.

57. The University denies the allegations in paragraph 57.

**Third and Fourth Claims for Relief**
**(Breach of Duty of Good Faith and Fair Dealing and Breach of Contract)**

58. The University incorporates by reference its responses to paragraphs 1-57.

59-65. The University has moved to dismiss these claims for lack of jurisdiction under the Eleventh Amendment. To the extent a response is required, the University denies the claims and allegations in paragraphs 59 through 65.

**Fifth Claim for Relief**
**(Injunctive Relief)**

66. The University incorporates by reference its responses to paragraphs 1-65.

67. The University denies the allegations in paragraph 67.

68. The University denies Plaintiff is entitled to any relief.

69. The University denies Plaintiff is entitled to any relief.

70. The University denies Plaintiff is entitled to any relief.

**Damages**

71. The University denies the allegations in paragraph 71.

72. The University denies the allegations in paragraph 72.

The University denies any allegation not specifically admitted in this Answer and denies that the Plaintiff is entitled to any relief or recovery.

**Affirmative Defenses**

1. Plaintiff fails to state a claim upon which relief can be granted.
2. Plaintiff's claims may be barred or reduced by a failure to mitigate damages, if any.
3. Plaintiff's third and fourth claims are barred under the Eleventh Amendment.
4. Plaintiff's claims are barred, in whole or in part by the statute of limitations.

5. Plaintiff's claims are barred by the "no second chance" rule.

**DATED:** November 3, 2020.

Respectfully submitted:

*s/ Hermine Kallman*
Hermine Kallman
Senior Assistant University Counsel
University of Colorado
Office of University Counsel
1800 Grant Street, Suite 700 Denver, CO 80203
303-860-5713
Hermine.Kallman@cu.edu
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2020, I electronically filed the foregoing with the Court's electronic filing system (CM/ECF) which will automatically cause notification to be sent to the following counsel of record:

Igor Raykin
Kishinevsky & Raykin, Attorneys at Law
2851 South Parker Road, Suite 150
Aurora, CO 80014
igor@coloradolawteam.com
*Attorney for Plaintiff*

*s/ Linda Ruth Carter*
Linda Ruth Carter, Paralegal