**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-1942-DDD-NRN

RYAN WALTERS,

Plaintiff,

v.

UNIVERSITY OF COLORADO Denver,
through the Board of Regents;

Defendant.

---

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

---

Defendant the University of Colorado Denver, through its Board, the Regents of the University of Colorado (the "University"), under F.R.C.P. 56(c), moves for summary judgment on Plaintiff's First and Second Claims for Relief on the following grounds:[1]

**BACKGROUND**

Plaintiff has been a student at CU on and off since 1994, taking undergraduate- and graduate-level classes, before starting his PhD program in 2009. (Am. Compl., ECF #5, ¶¶ 6-10.) Following the Fall semester of 2015, he was placed on academic probation due to his GPA

[1] The University has moved to dismiss Plaintiff's Third and Fourth Claims for Relief for lack of subject matter jurisdiction, as those claims are barred by the University's immunity, as an arm of the state, under the Eleventh Amendment. (ECF #24.) Plaintiff did not submit a response to the University's Motion, and the Motion remains pending. The University incorporates its arguments raised in the Motion to Dismiss in this Motion with respect to the Third and Fourth Claims for Relief. As to Plaintiff's Fifth Claim for Relief, it appears to be a request for injunctive relief, as opposed to a standalone cause of action.

falling below the program's minimum 3.0 requirement and his failure to make satisfactory academic progress toward completing his PhD. (Am. Compl., ECF 5, ¶¶ 20, 21, 23-25; Ex. A.) On September 7, 2016, the University notified Plaintiff that he had failed to meet the requirements of his probation, and he had one more semester—Fall 2016—to achieve a cumulative GPA of 3.0. (Ex. A.) Failure to do so would result in his dismissal from the program and the Graduate School. (*Id.*) In addition, the University informed Plaintiff that he had not met certain program requirements and was required to either complete those requirements by the end of Summary 2017 term or request a one-year extension. (*Id.*)

Plaintiff failed to achieve a 3.0 GPA in the Fall 2016 semester, did not complete the requirements described in the letter, and did not communicate with the department for over a year. (Ex. B.) In December 2017, Plaintiff finally notified Patrick Krueger, the Director of Graduate Studies, that he would be seeking a retroactive withdrawal for several semesters for medical reasons and requested that his termination be "stall[ed]" until the withdrawal was complete. (Ex. C.) He also acknowledged that the medical withdrawal would also be a withdrawal from the University and stated that he may "reapply to the program someday." (*Id.*)

In June-July 2018, Plaintiff requested retroactive withdrawal from several semesters for medical reasons. (Ex. D.) The withdrawal was approved in September 2018. (Ex. E.) In July 2020, Plaintiff brought this lawsuit claiming failure to accommodate his disabilities. Other than his request for medical withdrawal in June 2018, there is no record, and Plaintiff has alleged none, that he requested accommodations for disabilities prior to failing to complete the program requirements that resulted in his dismissal. (Ex. F, ¶ 4.)

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Plaintiff started in the University's Ph.D. program in Health and Behavioral Sciences in the fall 2009. (Am. Compl., ECF #5, ¶ 10.)
2. Under the Graduate School's requirements, Plaintiff was expected to complete the program within eight years. (Ex. A.)
3. Following the Fall 2015 semester, Plaintiff was placed on academic probation for failure to maintain a 3.0 GPA. (Ex A.)
4. On September 7, 2016, Plaintiff was notified that he was allowed one additional semester—Fall 2016—to achieve a cumulative GPA of 3.0 of higher to be able to continue in the program. (Ex. A.)
5. On September 7, 2016, Plaintiff was also notified that he needed to complete a number of program requirements no later than the end of the Summer 2017 semester, or seek a one-year extension, and failure to do either would result in dismissal from the program. (Ex. A.)
6. Plaintiff did not achieve a 3.0 GPA following the Fall 2016 semester. (Ex. G.)
7. Plaintiff did not contact the department and did not complete the other program requirements by the end of the Summer 2017 semester. (Ex. B.)
8. In December 2017, Plaintiff requested that his termination from the program be "stall[ed]" to allow him to complete a medical withdrawal from certain semesters and the program. (Ex. C.)
9. In June-July 2018, Plaintiff submitted a request for retroactive medical withdrawal for the Fall 2014 through the Fall 2016 semesters. (Ex. D.)

10. The retroactive medical withdrawal was approved in September 2018. (Ex. E.)

11. Prior to 2018, Plaintiff did not seek accommodations from the University in connection with completing his Ph.D. program. (Ex. F, ¶ 4.)

**STANDARD OF REVIEW**

The court should grant summary judgment when, viewing all evidence in the light most favorable to the nonmoving party, the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Brown v. Scriptpro*, LLC, 700 F.3d 1222, 1226 (10th Cir. 2012). The non-movant must "marshal[] sufficient evidence" requiring submission to the jury. *Dewitt v. Sw. Bell Tel. Co.*, 845 F.3d 1299, 1306 (10th Cir. 2017). "Neither mere assertions and conjecture, nor the existence of a scintilla of evidence in support of the nonmovant's position, is sufficient to show a genuine issue of material fact; an issue of material fact is genuine only if the nonmovant presents facts such that a reasonable jury could find in favor of the nonmovant." *Carpenter v. Boeing Co.*, 456 F.3d 1183, 1192 (10th Cir. 2006) (citations and quotations omitted).

**ARGUMENT**

**I. Plaintiff's claims are barred by the statute of limitations**

Plaintiff's First Claim for Relief, violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and Second Claim for Relief, violation of Title II of the ADA, appear to be based on the University's alleged failure to accommodate Plaintiff's disability in performing better in the courses he took as of and prior to Fall 2016. (Am. Compl., ECF #5, ¶¶ 46, 55.) Because neither Title II of the ADA, nor Section 504 explicitly provide for a statute of limitations, Colorado's general two-year statute of limitations governs. *See E.E.O.C. v. W.H. Braum, Inc.*,

347 F.3d 1192, 1197 (10th Cir. 2003) ("Where Congress creates a cause of action without specifying the time period within which it may be brought, courts may infer that Congress intended the most analogous state statute of limitations to apply."); *Rhodes v. Langston Univ.*, 462 F. App'x 773, 779, n.6 (10th Cir. 2011) (unpublished) (applying Oklahoma's two-year statute of limitations to claims under Title II and Section 504); *see also* C.R.S. § 13-80-102 (establishing Colorado's general two-year statute of limitations). "The statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." *Alexander v. Oklahoma*, 382 F.3d 1206, 1215 (10th Cir. 2004).

For his claim under Section 504 of the Rehabilitation Act, Plaintiff alleges that the University failed to provide him with accommodations that would have prevented him from needing to withdraw from the courses he took during the Fall 2014 through the Fall 2016 semester. (Am. Compl., ECF #5, ¶ 46.) Since Plaintiff was aware of not receiving accommodations during those semesters, his cause of action for failure to accommodate arose at the time he took those classes, *i.e.* no later than Fall 2014 through Fall 2016 respectively. Since the complaint was not filed until July 2, 2020, Plaintiff's claims for failure to accommodate in violation of Section 504 of the Rehabilitation Act are barred by the two-year statute of limitations.

Plaintiff's allegations in connection with his claim under Title II of the ADA are more vague. (*Id.*, ¶ 49-57.) Assuming Plaintiff alleges that his termination from the Ph.D. program in Health and Behavioral Sciences is somehow a violation of the ADA, the undisputed facts show that Plaintiff was aware that his failure to complete the program requirements would result in

termination no later than September 2016. (Undisputed Fact ¶ 4.) He was also aware that he did not complete those requirements, since, in December 2017, he acknowledged that he was going to be terminated from the program. (Undisputed Fact ¶ 8.) Once again assuming Plaintiff claims that his termination would not have occurred had the University provided reasonable accommodations, the claim is barred by the two-year statute of limitations, the deadline to bring such a claim expired, at the latest, in December 2019.

## II. Plaintiffs' claims fail for the additional reason that he did not timely request accommodations.

"[B]efore a public entity can be required under the ADA to provide an auxiliary aid necessary to afford an individual an equal opportunity to participate in the entity's services, programs, or activities, the entity must have knowledge that the individual is disabled, either because that disability is obvious or because the individual (or someone else) has informed the entity of the disability." *Robertson v. Las Animas Cty. Sheriff's Dep't*, 500 F.3d 1185, 1196 (10th Cir. 2007). And, unless the disability is obvious, the public entity must be informed of the disability and the need for accommodation before the public entity may be held liable under the ADA for failing to provide reasonable accommodation. *Id.* "This is a 'duty dictated by common sense lest a disabled [individual] keep his disability a secret and sue later for failure to accommodate.'" *Id.* (quoting *Beck v. Univ. of Wis. Bd. of Regents*, 75 F.3d 1130, 1134 (7th Cir. 1996)).

But the public entity is not required under Title II to accommodate an individual's disability by retroactively overlooking the individual's failure to perform due to disability. *See Profita v. Regents of the Univ. of Colorado*, 709 F. App'x 917, 920–21 (10th Cir. 2017) (unpublished) ("Under Title I of the ADA, which guides our determination of what constitutes a

reasonable accommodation for purposes of Mr. Profita's Title II claim, an employer is not required to reasonably accommodate an employee's disability by overlooking his previous misconduct, even if that misconduct resulted from his disability.").

The plaintiff in *Profita* alleged, as Plaintiff does here, that his dismissal from the university program for unsatisfactory academic performance was a violation of the Title II of the ADA where he presented evidence of disability subsequent to his dismissal. *Id.* at 921. The Tenth Circuit affirmed the district court's dismissal of the claim, holding that a request for "retroactive leniency" was not a reasonable accommodation as a matter of law. *Id.* In so holding, the court rejected the argument that seeking "prospective accommodation"—allowing the student to be re-admitted and being granted credit for all the courses previously completed—would be reasonable accommodation. *Id.* at 923. The court held that "disability statutes do not require that a disabled person properly terminated from a job or program be given a greater opportunity for reinstatement than that given to a terminated person who is not disabled." *Id.*

Plaintiff is in analogous situation as Mr. Profita. He was terminated for unsatisfactory academic progress. (Undisputed Facts, ¶¶ 5-8.) He did not request accommodations prior to his termination. (Undisputed Fact, ¶ 11.) He is now claiming that accommodations should have been provided to allow him to complete the program or, alternatively, he should be allowed to complete the program now, even though he did not request accommodations before he was dismissed from the program. (Am. Compl., ECF #5, ¶ 69.) Under the Tenth Circuit's holding in *Profita*, the University is entitled to judgment as a matter of law.

## CONCLUSION

Defendant Board of Regents of the University of Colorado respectfully requests that the Court grant judgment in its favor on all claims as a matter of law and award such other relief as the Court deems just.

Respectfully submitted this 22nd day of June, 2021.

*s/ Hermine Kallman*
Hermine Kallman
Special Assistant Attorney General
Senior Assistant University Counsel
University of Colorado
Office of University Counsel
1800 Grant Street, Suite 700 Denver, CO 80203
303-860-5713
Hermine.Kallman@cu.edu
*Attorney for Defendant*

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

*s/ Hermine Kallman*
Hermine Kallman

**CERTIFICATE OF SERVICE**

I hereby certify that on June 22, 2021, I electronically filed the foregoing with the Court's electronic filing system (CM/ECF) which will automatically cause notification to be sent to the following counsel of record:

Igor Raykin
Kishinevsky & Raykin, Attorneys at Law
2851 South Parker Road, Suite 150
Aurora, CO 80014
igor@coloradolawteam.com
*Attorney for Plaintiff*

*s/ Linda Ruth Carter*
Linda Ruth Carter, Paralegal